## STATE ex MELVIN v BD. OF ED. OF ST. BERNARD (City)

Ohio Appeals, 1st Dist, Hamilton Co

No 5892. Decided Aug 31, 1940

Walter Schmidt, Cincinnati, for plaintiff-appellee.

John J. Rivers, Cincinnati, for defendant-appellant.

## OPINION

BY THE COURT:

This is an action in mandamus by the relator alleging that he is superin-

tendent of schools of the City of St. Bernard, against the board of education of that district to compel it to recognize him as such superintendent and to refrain from interfering with him in the exercise of the powers and duties of such position.

The Common Pleas Court in which the action was instituted awarded the writ and commanded the respondent to recognize the relator as such superintendent for the term of one year and eleven months beginning September 1st, 1940, at a slary of $4500.00 per year.

It is from that judgment that this appeal on questions of law was taken.

It appears from the bill of exceptions that the relator has been superintendent of the St. Bernard schools since July 1st, 1938. The first action taken by the board on May 4th, 1938, was when it passed a resolution to appoint him for a term of one year commencing July 1st, 1938. No action was taken, however as to compensation until June 27th, 1938, when the board passed a resolution fixing his salary at $375.00 per month, payable monthly. On May 3rd, 1939, the board passed a resolution that the relator "be re-employed—for a fourteen months term to expire August 31st, 1940, at the same salary namely $375.00 per month."

This controversy arises as to the meaning and legal effect of the action taken by the board on May 17th, 1940. At a meeting held on that date, a member moved "That Superintendent Wm. E. Melvin be re-appointed for a term of one year and eleven months beginning September 1st, 1940." The record shows that this motion was carried by a vote of three to two. The relator contends that this constituted a binding appointment at the same salary he was receiving at the time under his prior appointment. Some time after May 17th, 1940, the members of the board resigned and new members were appointed to fill the vacancies thus created. This new board sought the advice of the City Solicitor as to whether the action taken by the board on May 17th was a binding appointment and being advised that as the board

had not fixed the salary it was not binding upon the board on August 1st, 1940, passed a resolution that the position of superintendent be declared vacant as of August 31st, 1940, and that the Director of Education be requested to submit names of suitable persons to be considered by the board for appointment. That action precipitated this proceeding.

The writ of mandamus may issue only to compel the performance of an "act which the law specially enjoins as a duty resulting from an office, trust, or station." Sec. 12283 GC. The writ cannot be used to control judicial discretion. Sec. 12285 GC. It is only non-discretionary duties resulting from an office, trust or station that can be enforced by the writ of mandamus.

And the writ may not issue where there is a plain and adequate remedy in the ordinary course of the law. Sec. 12287 GC.

Stating the case most strongly for the relator, whether an agreement had been reached upon the amount of compensation depends upon an inference of fact to be drawn from the circumstances that he was occupying the position and drawing a salary. Did the board by passing the resolution to re-appoint him for a term to begin three and one-half months thereafter intend to fix his salary for that future term? This is not analogous to a continuance in employment or tenancy after the expiration of a term. There has been no holding over and the inference to be drawn therefrom has no application here. If any inference is to be drawn it must arise out of the meaning of the words used and not from any course of dealing.

Now when the relator was employed the second time, the board deemed it necessary to expressly state that it was at the same salary. If the argument of the relator is sound, that was unnecessary, as it would, according to

his contention, have been necessarily implied. Even if that meaning would have been imported otherwise into the word "re-appoint" (which we do not believe) it would not be when the parties have shown that as used by them, such meaning is excluded, and by expressly stating in the re-appointment of 1939, that it was at the same salary, they have so shown.

We therefore are of the opinion that there was at least a reasonable basis for the conclusion that there had been no agreement as to salary.

That being the situation and the board having consulted its legal adviser, and acting in good faith according to the advice given, can the court by writ of mandamus compel the board to draw an inference of fact contrary to that drawn in good faith by the board? We believe that would be controlling the discretion of the board which the statute provides cannot be done by writ of mandamus.

Where a dispute exists under such circumstances, the law provides a remedy in the ordinary course in which the dispute may be decided and the appropriate relief granted depending upon the way the dispute is resolved. And on review of a judgment in such an action this Court would not be justified in disturbing a finding adverse to the relator.

As we have said, we reach this conclusion on the basis of facts most favorable to the relator. We believe the record does not justify this basis of fact. No inference as to the amount of compensation can be drawn from the language used by the respondent in the resolution of May 17, 1940. It is simply a case in which the subject was not mentioned and as an appointment without compensation under the circumstances of this case would not be binding upon the relator, neither would it be binding upon the respondent. There would be no consideration for the promise and, therefore, no binding contract of employment for

the term alleged of course there is no duty to enforce by the writ.

We further observe that the writ of mandamus cannot be used as a substitute for an action to recover compensation under a contract of employment or to declare the right thereto.

For these reasons, the judgment is reversed and final judgment rendered dismissing the petition.

MATTHEWS & ROSS, JJ., concur.
HAMILTON, PJ., not participating.